UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN HEETER, et al.,

    Plaintiffs,

v.

J. PETERMAN ENTERPRISES, LLC, et al.,

    Defendants.

Case No. 2:15-cv-3062
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Alan Mayle's Motion for Default Judgment and Request for Post-Default Hearing on Damages (ECF No. 50) and Plaintiff Brian Heeter's Motion for Partial Summary Judgment (ECF No. 42.) For the reasons that follow, Plaintiffs Mayle's Motion is **GRANTED** and Heeter's motions is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

Plaintiffs Brian Heeter and Alan Mayle bring this action against Defendants J. Peterman Enterprises, LLC, Carlton Banks Enterprises, LLC, Robert Shotwell, and Michael Shotwell for failure to pay minimum wage and overtime compensation under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and the Ohio Constitution Article II § 34a. (Complaint ("Compl."), ECF No. 1.)

Defendant Robert Shotwell ("Shotwell") is the owner of Defendant J. Peterman Enterprises, LLC ("J. Peterman"), which does business as Maximum Commercial Cleaners. (Heeter Motion for Summary Judgment ("Heeter Mot. for Summ. J.") at 6, ECF No. 42 (citing

Deposition of Robert Shotwell ("R.S. Dep.") at 8, ECF No. 39).) Defendant Michael Shotwell was the acting General Manager of J. Peterman and also owned Defendant Carlton Banks Enterprises, LLC ("Carlton Banks") since it was formed in September 2015. (Heeter Mot. for Summ. J. at 6 (citing Deposition of Michael Shotwell ("M.S. Dep.") at 7–10, ECF No. 38).) Defendants provide commercial cleaning and floor maintenance services, such as buffing or pressure washing, to retail stores located throughout Ohio, Indiana, Pennsylvania, and West Virginia. (R.S. Dep. at 11.) Defendants maintain a garage (the "shop") in Barlow, Ohio, which serves as a central location for employees to pick up and drop off the equipment and supplies necessary to clean their assigned stores for the day.

Plaintiff Brian Heeter ("Heeter") alleges that he was an employee of Defendants for approximately two years, from June 2013 to August 2015. (Declaration of Brian Heeter ("Heeter Dec.") ¶ 1, ECF No. 42-6.) Plaintiff Alan Mayle ("Mayle") also worked for Defendants from approximately September 2014 to March 2016. (Declaration of Alan Mayle ("Mayle Dec.") ¶ 1, ECF No. 50-2.) Both Plaintiffs aver that they regularly worked more than forty hours a week. (Heeter Dec. ¶ 2; Mayle Dec. ¶ 2.)

A typical work day for Plaintiffs began with their arrival to the shop where they would receive their store assignments for the day, load the necessary supplies and equipment into a company truck, travel to the various stores and perform the assigned cleaning duties, and return to the shop at the end of the day to unload the equipment before going home. (Heeter Dec. ¶¶ 3–8; Mayle Dec. ¶¶ 3–8.) Plaintiffs' daily assignments required regular travel throughout the state and to West Virginia, Indiana, and Pennsylvania, where they would clean about four or five, but sometimes eight, stores in one day. (Heeter Dec. ¶¶ 5–6; Mayle Dec. ¶¶ 3–8.) According to Plaintiffs, Defendants posted schedules at the shop indicating each employee's arrival times and

assignments for each day. At the end of each day, Plaintiffs would submit their hours worked on sheets of paper or post-in notes, which Defendants would record and submit to their accountant. (R.S. Dep. at 19, 44; M.S. Dep. at 16–17.) Plaintiffs allege that Defendants failed to pay overtime and often did not compensate for the time to travel back to the shop at the end of the day. (Heeter Dec. ¶ 9; Mayle Dec. ¶ 9.)

Plaintiff Heeter initiated this suit on December 8, 2015. (ECF No. 1.) Defendants were initially represented by counsel and filed an Answer to the Complaint on January 18, 2016 on behalf of all Defendants. (Answer, ECF No. 11.) However, on April 25, 2016, Defendants' counsel filed an unopposed motion to withdraw, which the Court granted for good cause shown. (ECF No. 22.) Defendants did not obtain new counsel. The next day, having already discussed the plan to amend the pleadings with Defendants' former counsel, Plaintiff filed a Motion to Amend the Complaint (ECF No. 20), which the Court granted on May 20, 2016. The Amended Complaint adds the claims of Plaintiff Alan Mayle ("Mayle"), who is also a former employee of Defendants. (Amended Complaint ("Am. Compl."), ECF No. 24.)

The Amended Complaint asserts five causes of action against Defendants for failure to pay Plaintiffs minimum wage and overtime compensation. Count I states that Defendants failed to pay the minimum wage requires for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a)(b). Count II alleges Defendants failed to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207(a)(1). Count III contends that Defendants violated the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code §§ 4111 *et seq.*, and Art. II, § 34 of the Ohio Constitution, by failing to pay Plaintiffs the minimum hourly wage rate. Count IV avers that Defendants failed to pay applicable overtime wages as required by the Ohio Wage Act, Ohio Rev. Code § 4111.03. Finally, Count V avers that Defendants failed to pay all

wages due to Plaintiff within the time specified by the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15. Plaintiffs seek relief in the form of a declaratory judgment that Defendants' wage and hour practices violate the Ohio Wage Act, an injunction prohibiting Defendants from engaging in future wage violations, damages, and reasonable attorney's fees and costs.

Defendants failed to file an answer or otherwise respond to the Amended Complaint, after which counsel for Plaintiffs contacted Defendants and offered them additional time to respond. (Exs. G–J, ECF Nos. 42-7 to 42-10.) Defendants again failed to respond, so Plaintiff Mayle moved the Court for an entry of default. Once Plaintiffs filed the appropriate affidavits of service showing the Amended Complaint was properly served on Defendants, the Court granted Plaintiffs' request for an entry of default on October 31, 2016. (ECF No. 48.) Mayle filed the instant Motion for Default Judgment thereafter. (Mayle Motion for Default Judgment ("Mayle Mot. Default J."), ECF No. 50.) The corporate Defendants remain unrepresented and individual Defendants Robert Shotwell and Michael Shotwell are proceeding *pro se*.

On October 24, 2016, Plaintiff Heeter filed a Motion for Partial Summary Judgment seeking judgment on liability only and leaving the issue of damages for a trial before the Court. (ECF No. 42.) Plaintiffs also filed a motion asking the Court to compel Defendants to obtain counsel. (ECF No. 43.) The Court denied Plaintiffs' motion, noting that the Court cannot compel a defendant to obtain counsel. (ECF No. 45.) However, in denying Plaintiffs' motion, the Magistrate Judge warned the corporate Defendants they could not proceed *pro se* and that failure to respond to the summary judgment motion through counsel could result in the motion being granted if otherwise appropriate. Robert Shotwell subsequently filed a response in opposition to Heeter's motion for partial summary judgment in his individual capacity only. (ECF No. 52.)

4

The corporate Defendants and Michael Shotwell have not filed a response.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff Mayle moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and also requests a post-default hearing on damages. Plaintiffs acknowledge that Defendants filed an Answer to the original Complaint with respect to the claims of Plaintiff Heeter, so Plaintiff Mayle brings this motion on his behalf only.

According to the Rules of Civil Procedure, a party seeking default must follow a set sequence. A plaintiff must first move for the Clerk to enter default pursuant to Rule 55(a) before a court can determine whether to grant a motion for default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). Plaintiff here has done so. (ECF No. 47.) That leaves the issues of liability and damages. *See* Fed. R. Civ. P. 55(b); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Dayton, LLC*, No. 3:11–CV–58, 2011 WL 2118228, *2 (S.D. Ohio May 27, 2011).

The Court finds that based on the record, the proceedings in this case to date, and on Plaintiff's well-pleaded allegations, Plaintiff Mayle has sufficiently established liability as to Defendants on his FLSA and related state claims. *See Atlas Turner*, 66 F.3d at 110 (noting that "well-pleaded allegations" in the context of a default judgment "establish[] [a] defendant's liability").

Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions. Ohio Const. Art. II, § 34a; Ohio Rev. Code §§

4111.02–.03. Accordingly, the claims may be analyzed together. *Thomas v. Speedway SuperAmerica*, LLC, 506 F.3d 496, 501 (6th Cir. 2007); *see also Barnett v. E-Waste Sys., Inc.*, No. 1:14-CV-908, 2015 WL 1757302, at *1 (S.D. Ohio Apr. 17, 2015). The FLSA and Ohio law requires covered employers to pay their employees a minimum wage per hour and overtime compensation for hours of work exceeding 40 in a workweek at a rate of one and one-half times an employee's regular rate of pay. 29 U.S.C. §§ 206(a), 207(a)(1); Ohio Rev. Code §§ 4111.02–.03; *see Barnett v. E-Waste Sys., Inc.*, No. 1:14-CV-908, 2015 WL 1757302, at *4 (S.D. Ohio Apr. 17, 2015). A covered employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employee may be jointly employed by two entities, each of which is responsible for complying with the FLSA. 29 C.F.R. § 791.2; *Skills Dev. Servs., Inc. v. Donovan*, 728 F.2d 294, 301 (6th Cir. 1984).

Plaintiff Mayle alleges that Defendants functioned as joint employers. (Am. Compl. ¶¶ 16, 17.) Mayle further alleges that he is not exempt from overtime benefits because he was not an executive, administrative, professional, or computer employee. 29 C.F.R. §§ 541.0 *et seq*. According to Plaintiff, Defendants failed to pay Mayle the required minimum wage between approximately September 2014 and March 19, 2016, and that he regularly worked more than forty hours in a work week and that he has not been paid overtime at a rate of one-and-a-half times his regular rate. (*Id.* ¶¶ 10, 55–57.) In a declaration attached to his motion, Mayle describes the type of work he performed and the hours he would work—from arriving at the shop at the beginning of the day to traveling to various stores in Ohio and surrounding states and returning at the end of the day to unload the equipment and supplies. (Mayle Dec. ¶¶ 3–8.) The Court finds these well-pleaded allegations establish liability for default judgment. *Antoine*, 66 F.3d at 110 (citing *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)).

6

While well-pleaded allegations establish liability, Plaintiffs "must still establish the extent of damages." *Id.* Plaintiff Mayle requests a hearing on the matter of damages. Pursuant to Rule 55(b)(2), the Court grants Plaintiff's request and will "determine the amount of damages" owed to Plaintiff Mayle at a hearing to be scheduled by a separate order.

### III. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Heeter seeks partial summary judgment on the issue of Defendants' liability only, leaving the issue of damages to be determined at trial. Defendant Robert Shotwell responded to Plaintiff's motion in his individual capacity. (Robert Shotwell Memorandum in Opposition ("Shotwell Mem. In Opp."), ECF No. 52.) Plaintiff filed a reply in support of his motion. (ECF No. 54.) Corporate Defendants J. Peterman and Carlton Banks remain unrepresented by counsel and have failed to respond to Plaintiff's motion. Defendant Michael Shotwell, proceeding *pro se* has also not filed a response.

**A. Standard**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central

issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hamad*, 328 F.3d at 234–35 (quoting *Anderson*, 477 U.S. at 251–52).

In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283; *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995). "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

It is well-established that a court may grant partial summary judgment that establishes the existence of certain facts or liability, even though no actual judgment is entered on a claim. *Brauer v. Pannozzo*, 232 F. Supp. 2d 814, 818 (N.D. Ohio 2002). Even though the term "partial summary judgment" is a misnomer, Rule 56 clearly empowers a court to enter summary judgment which decides only the issue of liability and allows for a trial on the matter of damages. *Id.*

Additionally, a corporation cannot appear in federal court except through an attorney.

*Tri-State Hospital Supply Corp. v. Medi-Pac*, LLC 2007 WL 3146553 (S.D. Ohio Oct. 25, 2007) (citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir.1984)). A "limited liability corporation is another example of an artificial entity that should retain legal counsel before appearing in federal court." *Hilton I. Hale & Associates, LLC v. Gaebler*, No. 2:10-CV-920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011).

### B. Discussion

Heeter argues that Defendants are liable as a matter of law for failure to pay overtime wages pursuant to the FLSA and related state claims. In support, Plaintiff presents the affidavit of Plaintiff Brian Heeter, the deposition transcripts of Defendants Robert Shotwell and Michael Shotwell, and various payroll and work assignment records. (Heeter Dec., ECF No. 42-6; R.S. Dep., ECF No. 39; M.S. Dep., ECF No. 38; Exhibits A–E, ECF Nos. 42-1 to 42-5.)

The FLSA and related Ohio statutes provide that covered employees be paid a minimum wage for all hours worked in a given week and may not be required to work more than forty hours per seven-day week without overtime compensation at a rate not less than one and one-half times their regular pay. See 29 U.S.C. § 207(a)(1); Ohio Rev. Code § 4111.02–.03. A workweek is defined as seven consecutive 24-hour workdays. 29 C.F.R. § 778.105. Workers who are employed in a bona fide executive, administrative, or professional capacity, however, are exempt from this overtime compensation provision. *See* 29 U.S.C. § 213(a)(1). The employer has the burden of proving that an employee satisfies any exemptions under the FLSA, and exemptions under the FLSA are narrowly construed against the employer. *See Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 837, (6th Cir. 2002).

Plaintiff offers evidence showing that Defendants were "employers" under the FLSA because they had "operational control of significant aspects" of the company's day-to-day

functions. (R.S. Dep. at 22–23, 29 (scheduling work and overseeing payroll; M.S. Dep. at 23–24 (scheduling employee meetings and trainings).) However, as noted below, Plaintiff fails to establish that Michael Shotwell or Carlton Banks was the employer of Plaintiff Heeter specifically. Plaintiff also presents payroll records from J. Peterson recording the hours Plaintiff worked for each biweekly pay period, several of which exceed 80 hours without overtime compensation. As an example, Heeter shows that he worked 96.5 hours for the pay period ending March 31, 2014. (Ex. E at 1.) The record shows that these 96.5 hours were multiplied by Heeter's hourly rate of $11.00, without any apparent adjustment for overtime hours worked. Although overtime is calculated on a weekly basis rather than biweekly, Plaintiff estimates that he worked at least sixty-three hours in one week of that pay period. (Heeter Mot. for Summ. J. at 6–7.) In support, he provides a copy of his daily work assignments for those weeks and the standard time each task would take. (Exhibit C, ECF No. 42-3.) Finally, Plaintiff presents evidence showing that he was not exempt from the FLSA or Ohio overtime requirements, as he was paid on an hourly rate that varied with the amount of hours he worked and that he had little if any supervisory role. (Ex. E at 1.)

In his response to Heeter's motion, Defendant Robert Shotwell does not dispute the issue of liability; he only addresses damages. Once a plaintiff has made a properly supported motion for partial summary judgment, a defendant "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial," i.e., it must submit evidence which would permit a reasonable jury to find for the defendant. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Moreover, in their Answer to the original Complaint, Defendants admit they were employers covered by the FLSA and related Ohio claims. (Answer ¶¶ 1, 9, 11; Compl. ¶¶ 21, 39, 44, 45.) They also admit

10

that that Robert Shotwell was the owner of J. Peterman and that Michael Shotwell owned Carlton Banks. (Answer ¶¶ 1, 6; Compl. ¶¶ 12–13.) They admit that Plaintiff was a covered employee of Defendants entitled to protection under the FLSA and Ohio Wage Act. (Answer ¶¶ 1, 13; Compl. ¶¶ 45, 57, 63, 78.) Finally, Defendants admit that Plaintiff was not exempt from the minimum wage or overtime provisions of the FLSA or state provisions because he was not an "executive," "administrative," "professional," "outside sales," or "computer" employee. (Answer ¶ 1; Compl. ¶¶ 46–47, 53; *see* Ohio Rev. Code § 4111.03(A); 29 C.F.R. §§ 541.0, *et seq.*)

Nevertheless, Defendants did previously deny that they were joint employers over Plaintiff, and also denied that Michael Shotwell or Carlton Banks was an employer of Plaintiff Heeter. (Answer ¶¶ 11, 14.) Shotwell did not address this issue in his response, and Michael Shotwell and corporate Defendants did not respond to Plaintiff's motion. However, the Court finds that Plaintiff has failed to establish through the evidence presented that Heeter was employed by Carlton Banks or Michael Shotwell. Heeter declares that he worked for Defendants from June 2013 to August 2015. (Heeter Dec. ¶ 1.) According to Michael Shotwell and the certificate of registration from the Ohio Secretary of State, Carlton Banks Enterprises LLC was not formed until September 21, 2015. (M.S. Dep. at 9–10; ECF No. 42-5 at 25.) Thus, Carlton Banks Enterprises did not even exist when Heeter claims he was working for Defendants. The payroll records from Carlton Banks also show Alan Mayle as an employee, but not Heeter. (ECF No. 42-5 at 22–23.) Michael Shotwell did work with Heeter as the general manager of J. Peterman, but otherwise there is no evidence that Heeter worked for Carlton Banks. Plaintiff does attach a copy of a personal check from Michael Shotwell to Heeter for $552 with the memo line "8-1 thru 8-15" on August 20, 2015, seemingly as compensation for time worked during that time period. This single check however fails to establish that Heeter was employed by Michael

11

Shotwell directly or that Michael failed to pay him for overtime worked. For instance, $552 at his rate of $10 would equal 55 hours in a two week period. Drawing all reasonable inferences in favor of the nonmoving party, the Court finds that Plaintiff Heeter is not entitled to summary judgment against Defendants Michael Shotwell or Carlton Banks Enterprises, LLC.

Aside from the issue of liability, Shotwell challenges Heeter's motion solely on the issue of damages. His response goes over the particular hours Heeter says he worked with which Shotwell disagrees. Shotwell argues that Heeter added handwritten notations to the timesheets that were not on the original copies. Essentially, Shotwell contends that Heeter is attempting to retroactively submit additional hours that he did not actually work or previously disclose. Shotwell identifies twenty-one specific days as examples of days in which he disputes the hours Heeter claims to have worked. In support, he attaches additional copies of the work assignment sheets for those days with what appears to be his own annotations in addition to those Heeter later added. Remaining questions of fact regarding the precise number of hours Heeter worked each week over forty hours may be determined later at a hearing on damages.

The Court finds the arguments and evidence, unopposed on the issue of liability, partially support Plaintiff's claims that Defendants are an employer under the FLSA and Ohio counterparts and that Plaintiff is entitled to minimum wage and overtime compensation from Defendants in an amount of damages to be determined at trial. Plaintiff Heeter's Motion for Partial Summary Judgment is accordingly **GRANTED in part** with respect to Defendants Robert Shotwell and J. Peterman Enterprises LLC, but **DENIED in part** with respect to Defendants Michael Shotwell and Carlton Banks Enterprises, LLC.

### IV. CONCLUSION

For the reasons stated above, Plaintiff Mayle's Motion for Default Judgment (ECF No.

50) is **GRANTED**. Plaintiff Heeter's Motion for Partial Summary Judgment (ECF No. 42) as to liability only is also **GRANTED in part** as to Defendants Robert Shotwell and J. Peterman Enterprises LLC, but **DENIED in part** as to Defendants Michael Shotwell and Carlton Banks Enterprises, LLC. The Court will consider evidence of the amount of damages, lost profits, attorneys' fees, and the nature and extent of injunctive relief requested by both Plaintiffs at a combined hearing to be scheduled forthwith by separate order.

**IT IS SO ORDERED.**

9-21-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**